### UNITED STATES v. BOWERS.
### No. 961.

United States District Court,
M. D. Alabama, N. D.
Aug. 2, 1954.

Hartwell Davis, U. S. Atty., Montgomery, Ala., Ralph M. Daughtry, Asst. U. S. Atty., Montgomery, Ala., for plaintiff.

Albrittons & Rankin, Andalusia, Ala., for defendant.

CHARLES B. KENNAMER, District Judge.

This is an action instituted by the United States for the purpose of collecting marketing penalties as provided in Section 359(a) of the Agricultural Adjustment Act of 1938, as amended, 7 U. S.C.A. §§ 1281 et seq., 1359(a), from the above named defendant.

### Findings of Fact

1. Defendant, during 1950 and 1951, engaged in the production of peanuts on farm No. C–7 in Coffee County, Alabama, within the jurisdiction of this court.

2. The Coffee County Production and Marketing Administration Committee,

in accordance with provision of the Act and of the Marketing Quota Regulations for the 1950 crop of peanuts, established for that farm a peanut acreage allotment of 14.7 acres. Defendant planted and harvested 26.8 acres, which was 12.1 acres in excess of his allotment, and hauled the peanuts to another farm owned by him in Covington County, Alabama.

3. The Coffee County Production and Marketing Administration Committee in 1951 reduced defendant's peanut acreage allotment for farm No. C–7 to zero acres, but defendant planted and harvested 25.2 acres, the production of which he also hauled to his Covington County farm.

4. By letters dated September 11, 1952 and January 15, 1954, the Alabama State Production and Marketing Administration Committee requested Defendant to submit written reports covering his production of peanuts each year and to account for its disposition, which the defendant did not do.

5. Under the regulations, the defendant was entitled to a marketing card for 1950 which would have enabled him to sell his allotment peanuts, which represented his marketing quota, free of penalty and his excess peanuts subject to penalty. He was also entitled to an excess card for 1951 which would have entitled him to sell his peanuts subject to penalty, had he applied for them.

6. Plaintiff, seeking a summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, 28 U.S.C.A., contends that the only fact necessary to support its claim for penalties for each of the years involved, is the admission by defendant that he, the defendant, failed to account for the disposition of his peanut crops, in writing, to the Production and Marketing Committee.

7. Defendant, in support of his motion to dismiss, contends that Section 1357, Title 7 U.S.C.A., does not govern "the production of peanuts," but is applicable to and governs only the "marketing" of peanuts; that the allegation in plaintiff's complaint that "peanuts were hauled away from the farm" does not constitute an allegation that the peanuts were "marketed" within the meaning of the Act; that, as a matter of fact, the peanuts were not "marketed" by the defendant, but were fed to his live stock; that certain provisions of Section 1359(a) of the Act are unconstitutional, as is the failure to afford the defendant an opportunity to explain at a hearing, especially to this court, his disposition of his peanut crops.

## Conclusions of Law

1. The Act, and the decisions interpreting it, empower the Production and Marketing Administration Committee to control the total supply of peanuts available for market, which includes control of individual supply to the extent that a producer who grows peanuts, harvests and threshes them, must make a written accounting to the Committee of the disposition of excess peanuts, or, failing to so account for their disposition, is deemed to have marketed them in excess of his marketing quota for that farm.

2. Under Section 1373(b) of the Act, the defendant was required to submit a written report of the production of peanuts on Farm No. C–7, and to account for disposition of said crop to the Alabama State Production and Marketing Administration Committee, which Committee requested such report, as provided by the Act, and the burden of proof was on the defendant to show to the Committee, by such written report, what disposition was made of the excess peanuts, or that he was not engaged in the production of such peanuts for market.

3. The burden is not on the Production and Marketing Committee to show that the peanuts were produced for market, but the burden is on the defendant to show to the Committee that the peanuts were not marketed. Under the Act, the defendant was required to account to the Committee for the disposition of the peanuts, and failure to so account to the Committee created a presumption that the peanuts were pro-

·duced for market, and made the defend·ant subject to the penalties under the Act.

4. The requirement that written reports be made to the Committee was reasonable and in accordance with the Act. The plaintiff may not refuse to present his explanation through Administrative channels that are reasonable and proper, preferring to await a judicial determination to rebut the provisions of the Act which make a failure to account to the Committee for the disposition of peanuts a conclusion that the peanuts were marketed.

5. The provisions of Section 359(a) do not violate the 5th and 10th Amendments nor Article III of the Constitution.

### Order of the Court

It is therefore ordered, adjudged and decreed that the motion to dismiss, filed by the defendant, be, and is, overruled and denied; that judgment be, and is, entered against the defendant Lamar M. Bowers in favor of the plaintiff in the sum of $1,407.42, and the defendant is taxed with cost, for which execution may issue.